
# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **Audrey Marie Dotson et al**<br>**Plaintiff,**<br><br>**v.**<br><br>**Alabama Department of**<br>**Corrections et al**<br>**Defendants,** | }<br>}<br>}<br>}<br>}<br>}    **Case No.: 2:23-cv-01657-MHH**<br>}<br>}<br>}<br>}<br>}<br>} |

## HAIKALA CHAMBERS INITIAL ORDER

The Court enters this order to help "secure the just, speedy, and inexpensive determination" of this action. Fed. R. Civ. P. 1. The Court expects the parties to be adversaries with respect to the substantive issues litigated in this action, but counsel should cooperate in the litigation process in the spirit of Rule 1.

The information contained in the sections that follow address these topics:

    I.    Initial Screening of the Complaint
    II.   Motions to Dismiss
    III.  Rule 26(f) Obligations/Draft Scheduling Orders
    IV.  Protective Orders
    V.   Communication with the Court
    VI.  Required E-Mail Submissions to Chambers
    VII.  Briefing Format and Requirements
   VIII. Filing Procedures
    IX.  Fee Shifting Cases
    X.   Oral Argument

Please read this order closely; this initial order governs all proceedings in this case.*

I.  **Initial Screening of the Complaint**

The Court has reviewed the complaint, and the Court finds that it may exercise jurisdiction over the subject matter of this action. The Court has an ongoing obligation to assess subject matter jurisdiction. If, on motion from a party or on its own review, the Court determines that it may not have jurisdiction over the subject matter of this action, then the Court will give the parties an opportunity to address the jurisdictional issue.

II.  **Motions to Dismiss**

A.  A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Court often receives motions to dismiss that describe perceived deficiencies in the factual allegations of a complaint. A plaintiff may amend a complaint to address these deficiencies. The Court will "freely give leave" to amend "when justice so requires." Fed. R. Civ. P. 15(a)(2). Accordingly, if counsel for a defendant believes that factual allegations in a complaint do not meet Rule 8's notice requirement, then counsel for the defendant must confer with counsel for the plaintiff before filing a motion to dismiss and ask counsel for the plaintiff to cure the perceived deficiencies.

---

* This case is not governed by the Uniform Initial Order for the Northern District of Alabama.

If the plaintiff's attorney agrees to amend the complaint, then the parties shall file a notice advising the Court that they have conferred, and the plaintiff has opted to file an amended complaint. The joint notice relieves the defendant(s) of the obligation of responding to the original complaint. If, after conferring with the plaintiff, the parties are not able to agree, and the defendant files a motion to dismiss, then the defendant shall state on the first page of the motion that the parties conferred before the defendant filed the Rule 12(b)(6) motion.

The obligation to confer pertains only to Rule 12(b)(6) motions to dismiss based on the sufficiency of the factual allegations in the complaint. There is no such obligation for other motions to dismiss.

This instruction does not apply to cases in which individuals are handling their cases *pro se* without the assistance of an attorney.

B. When a defendant files a motion to dismiss, the Court will enter an order that sets either a briefing schedule or a telephone or video conference to discuss the motion. The parties should await direction from the Court before proceeding.

## III. Rule 26(f) Obligations

Within 14 days of the appearance of all defendants, the parties must confer pursuant to Rule 26(f).[1] If this case involves more than one defendant and if, 90

---

[1] Federal Rule of Civil Procedure 26(f)(2) provides: "[T]he court may order the parties or attorneys to attend the conference in person." Fed. R. Civ. P. 26(f)(2). The Court does not require the parties

days from the date on which the plaintiff(s) filed the complaint, the defendants have not all been served and/or appeared, the parties shall file a joint notice advising the Court of the status of the case.

At least seven days before the parties conduct a discovery conference pursuant to Federal Rule of Civil Procedure 26(f), the parties shall exchange the initial disclosures that Federal Rule of Civil Procedure 26(a)(1) requires. The Court asks the parties to please exchange as much information as possible before the discovery conference to facilitate better discussions during the discovery meeting.[2]

The parties' discussions during their Rule 26(f) conference shall cover the following topics:

- the nature of the claims and defenses, the complexity of the case, and the possibility of a prompt settlement or resolution of the case through formal mediation or informal settlement negotiations;

- preservation of discoverable information;

- a proposed discovery plan that briefly describes the parties' positions and provides proposed deadlines for the matters addressed in sub-paragraphs (A) through (F) of Fed. R. Civ. P. 26(f)(3); and

- execution of authorization(s) for disclosure of "protected health information" in cases in which the provisions of the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), Pub. L. No.

---

to meet in person, but the Court encourages the parties to conduct their Rule 26(f) conference in person or by video conference.

[2] The Court recognizes that in some circumstances, a party may not be able to provide complete initial disclosures before the Rule 26(f) conference. The parties must supplement initial disclosures pursuant to Rule 26(e).

104-191, 110 Stat. 1936 (1996), and regulations promulgated under the Act, apply.[3]

Within three days of the Rule 26(f) meeting, the parties must file a joint report of their planning meeting. The report must include:

- a brief description of the nature of the case;

- a list of the elements for each claim and defense, including citations for the principal cases upon which each party relies;[4]

- a list of related cases or proceedings pending before another judge of this court or before another court or administrative body;

- an indication of the parties' assessment of the complexity of the case; and

- an analysis of the case's suitability for settlement or ADR.

Additionally, the parties shall email to chambers at haikala_chambers@alnd.uscourts.gov in Word a draft scheduling order that provides proposed deadlines for discovery and dispositive motions and proposed limits on the number of discovery requests. The Court will provide a date for a post-discovery status conference. The parties shall please use the Word template for draft

---

[3] If the parties require a HIPAA protective order, they may find a draft order at the Court's website. The parties should tailor the draft order to the needs of their case and email their draft protective order to the chambers email address (haikala_chambers@alnd.uscourts.gov).

[4] The Court understands the claims and defenses may evolve as parties exchange discovery. These initial statements will not preclude additional or alternative claims or defenses.

scheduling orders available at https://www.alnd.uscourts.gov/content/judge-madeline-h-haikala.

## IV. Protective Orders

If the parties anticipate an exchange of information that is confidential or proprietary, then the parties shall please email a draft protective order to chambers at haikala_chambers@alnd.uscourts.gov in Word format. The parties shall please include the following language in a proposed protective order:

> Any person who reviews or receives confidential material shall not disclose such information to any other person except as allowed by and in strict conformity with this Order. Attorneys of record shall advise all persons who are given access to confidential information of the terms of this order and shall have all persons who are given access to confidential information other than members of the attorneys' staff sign a copy of this order to acknowledge their familiarity with the terms of the order and its binding force. Individuals who are shown confidential information shall not be allowed to retain copies and shall not use the confidential information for any purpose unrelated to this litigation.

## V. Communication with the Court

The Court may not engage in *ex parte* communications. If attorneys need to contact chambers, they shall email chambers at haikala_chambers@alnd.uscourts.gov and copy all counsel of record on the email.

## VI. Required E-Mail Submissions to Chambers

Counsel must e-mail to chambers in Word format copies of all filed motions that exceed 10 pages, copies of all filed briefs, and copies of all proposed orders. All

communications to the chambers email address must show a copy to all opposing counsel.

## VII. Briefing Format and Requirements

Documents that the parties file shall use Times New Roman Font and 14point type; footnotes may be in 12point type. Documents must be double-spaced; footnotes and indented quotations that exceed three lines should be single-spaced.

The party filing a motion shall indicate on the first page of the motion whether the motion is opposed or unopposed.

Citations to the record shall refer to the CM/ECF document number, page number, and paragraph or deposition line number, where available. Evidence cited in a brief must be filed in CM/ECF before a party files a brief to enable the party to cite to the evidence by CM/ECF document and page number. If a party cannot file evidence electronically before filing a brief, then the party shall, within three days of filing a brief, email to chambers (haikala_chambers@alnd.uscourts.gov) a Word version of the brief with CM/ECF record citations.

Briefs accompanying motions and briefs in opposition to motions may not exceed 30 pages. Reply briefs may not exceed 15 pages.

## VIII. Filing Procedures

   a. CM/ECF Record

The official record of this case is maintained electronically in CM/ECF. Except in extraordinary circumstances, all filings must comply with the Court's Administrative Procedures Manual. Attorneys must register for electronic filing and service through the "Attorney Registration" link on the Court's website, www.alnd.uscourts.gov.[5] Pro se litigants who lack electronic access may file documents conventionally in paper format.

Documents filed through CM/ECF must be in .pdf (Portable Document Format). Should counsel or a *pro se* litigant have trouble filing a document, (s)he may call the Clerk's Office at (205) 278-1700 and select option 3 for the Help Desk for assistance.

 b. Protected Information

Counsel are reminded to please comply with the Court's Administrative Procedures Manual for electronic filing (on the Court's website) with respect to personal identifiers (*e.g.*, Social Security numbers, driver's license numbers, birth dates, addresses, telephone numbers, bank account and credit card information) and other personal or sensitive information, in compliance with the E-Government Act.

 c. Sealing Documents

---

[5] After an attorney has registered, his/her registration becomes permanent; (s)he is not required to re-register in each individual case.

If a party believes that information contained in a motion or an exhibit should be placed under seal, then the party must file a motion for leave to file the document under seal. If the Court grants the motion, the Court will review the information placed under seal. Upon review, if the Court is inclined to lift the seal partially or entirely, then the Court will give the parties notice and an opportunity to be heard.

IX. **Fee Shifting Cases**

The Court's website contains standard orders for fee shifting cases. The parties may access the Court's website at http://www.alnd.uscourts.gov/content/judge-madeline-h-haikala.

X. **Oral Argument**

The Court welcomes oral argument. Requests for oral argument shall appear on the first page of a motion or brief directly below the case number in the caption of the pleading.

**Conclusion**

Counsel of record shall instruct all attorneys who work on this case, including in-house counsel, to review this order. The Court looks forward to working with the parties on this case.

**DONE** and **ORDERED** this December 12, 2023.

_____
**MADELINE HUGHES HAIKALA**
UNITED STATES DISTRICT JUDGE