FILED
2023 Dec-22 PM 04:11
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| AUDREY MARIE DOTSON, et al., | ) |
| Plaintiff, | ) |
| v. | ) Case No.: 2:23-cv-01657-MHH |
| ALABAMA DEPARTMENT OF CORRECTIONS, et al., | ) |
| Defendants. | ) |

## THE BOARD OF TRUSTEES OF THE UNIVERSITY OF ALABAMA AND THE UNIVERSITY OF ALABAMA HEALTH SERVICES FOUNDATION, P.C., BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

COME NOW Defendants The Board of Trustees of The University of Alabama (the "Board") (incorrectly named as University of Alabama System and University of Alabama at Birmingham Heersink School of Medicine), and University of Alabama Health Services Foundation ("HSF") (hereinafter referred to collectively as "UAB Defendants") and pursuant to FED. R. CIV. P. 56 submit this Brief in Support of Motion for Summary Judgment.

### INTRODUCTION

Plaintiff filed a "Verified Complaint" on December 7, 2023. (Doc. 1; and see "Verification of Complaint" at p. 33). Plaintiff's counsel states in the Verification: "I, attorney Lauren Faraino, **declare under penalty of perjury** pursuant to 28 U.S.C. § 1746, that **the factual allegations in the above Complaint are true and**

**correct based on a reasonable belief supported by a reasonable investigation into the relevant witnesses and documents**. …" (Doc. 1, p.33) (emphasis added). Contrary to Plaintiff's counsel's declaration under penalty of perjury, there are no facts or evidence that support the allegations against the UAB Defendants. In fact, the undisputed evidence demonstrates the following:

- the UAB Defendants did not perform, and were not requested to perform, an autopsy or any examination on the body of Brandon Clay Dotson;

- they were never in possession of the body of Brandon Clay Dotson for autopsy or any other purpose at any time; and

- they never received and do not currently possess any tissue, organs, or record of any autopsy or examination performed by UAB Autopsy Service on the body of Brandon Clay Dotson.

Because there is no genuine dispute of material fact as to these points, the UAB Defendants are entitled to judgment as a matter of law.

## ARGUMENT

Plaintiff brings the following Counts against the UAB Defendants: (1) "Equal Protection" in Count VI; (2) "42 U.S.C. § 1983 - Interference with the Right of Burial or Disposition of the Deceased" in Count VII; (3) "Unjust Enrichment" in

Count IX; (4) "Spoliation of Evidence" in Count X[1]; (5) "Intentional Infliction of Emotional Distress, or Outrage" in Count XI; (6) "SB 22 (2021) - Failure to Notify Next of Kin When Retaining Organs" in Count XII.[2]

### A. There are No Facts or Evidence to Support Plaintiff's Allegations.

Plaintiff alleges in Paragraph 64a "The UAB Division of Autopsy is contracted by the Department of Corrections to perform autopsies on incarcerated individuals who die in state custody." (Doc. 1, ¶ 64a). This allegation is inaccurate. The implication is that UAB performs *every* autopsy on prisoners who die in custody. That is not the case and Plaintiff's apparent presumption that it does is based purely on speculation rather than a legitimate and reasonable factual inquiry. (Exhibit 1, ¶¶ 6-7; Exhibit 2). Had Plaintiff's counsel conducted such an inquiry, she would have promptly and easily discovered not only that her presumption was incorrect, but that UAB did not perform an autopsy on Brandon Clay Dotson's body nor ever had possession of his body. (Exhibit 1, ¶¶ 7-8; Exhibit 2).

Attached hereto is the undisputed Declaration of Dr. Paul V. Benson, a physician employed by the UAB Defendants who holds the position of Section Head of UAB's Autopsy Section. (See Exhibit 1). Dr. Benson's uncontroverted testimony establishes conclusively the following undisputed material facts:

---

[1] This is not a cause of action under any federal or state statute.
[2] This is not a cause of action under any federal or state statute.

- the UAB Defendants did not perform, and were not requested to perform, an autopsy or any examination on the body of Brandon Clay Dotson;
- they were never in possession of the body of Brandon Clay Dotson for autopsy or any other purpose at any time; and
- they never received and do not currently possess any tissue, organs, or record of any autopsy or examination performed by UAB Autopsy Service on the body of Brandon Clay Dotson.

(Exhibit 1, ¶¶ 7-8).

Attached hereto is a letter from Mary-Coleman M. Roberts, General Counsel of the Alabama Department of Corrections. (See Exhibit 2). General Counsel Roberts' letter also indisputably establishes that the Alabama Department of Corrections did not send the body of Brandon Clay Dotson to the UAB Defendants for autopsy. (Exhibit 2, first paragraph).

Plaintiff offers nothing but bald speculation and unsupported assumptions regarding Mr. Dotson's body being examined by the UAB Defendants. (Doc. 1, ¶¶ 101-104, 106-107, 117-138). "A genuine issue of material fact does not exist unless there is sufficient evidence favoring the nonmoving party for a reasonable jury to return a verdict in its favor." Chapman v. Al Transp., 229 F.3d 1012, 1023 (11th Cir. 2000) (quoting Haves v. City of Miami, 52 F.3d 918, 921 (11th Cir. 1995)). "[M]ere

4

conclusions and unsupported factual allegations are legally insufficient to defeat a summary judgment motion." Ellis v. England, 432 F.3d 1321, 1326 (11th Cir. 2005) (per curiam) (citing Bald Mountain Park, Ltd. v. Oliver, 863 F.2d 1560, 1563 (11th Cir. 1989)). Conclusory allegations based on subjective beliefs are insufficient to create a genuine issue of material fact. Waddell v. Valley Forge Dental Assocs., Inc., 276 F.3d 1275, 1279 (11th Cir. 2001). Because there are no facts or evidence to support Plaintiff's allegations, the UAB Defendants are entitled to judgment as a matter of law. FED. R. CIV. P. 56.

### B. Plaintiff Complaint Tarnishes and Maligns the UAB Defendants and Negatively Impacts Patient Care.

In a situation such as this, it is counsel's responsibility to refrain from filing an action over which the federal court obviously lacks jurisdiction, and against parties that have nothing to do with the body of Brandon Clay Dotson.

Plaintiff's allegations against the UAB Defendants are without merit and have sullied and smeared the UAB Defendants in local *and* national media.[3] This is not

---

[3] For example: https://www.worldtribune.com/organ-harvesting-in-america-inmates-death-in-alabama-shrouded-in-mystery/ ("Organ harvesting in America? Inmate's death in Alabama shrouded in mystery"); https://www.al.com/news/birmingham/2023/12/dead-alabama-prisoners-body-returned-without-a-heart-family-says.html ("Dead Alabama prisoner's body returned without a heart, family says"); https://www.nbcnews.com/news/us-news/body-alabama-inmate-found-dead-prison-was-returned-family-heart-missin-rcna129737 (""Body of Alabama inmate found dead in prison was returned to family with heart missing, lawsuit says"); https://www.cbs42.com/alabama-news/family-claims-inmate-had-no-heart-when-his-body-was-released-from-alabama-prison/ (""Family claims inmate had no heart when his body was released from Alabama prison"); https://www.esquire.com/news-politics/politics/a46092028/alabama-prison-death/ (""An Inmate Died in Alabama and His Body Was Returned to His Family Without

5

inconsequential. News articles like these negatively influence patients in need of care – often care that only UAB can provide – such that patients choose not to seek essential care from UAB Hospital.

As one of U.S. News & World Report's best hospitals, UAB is a national leader in patient care, research, and training, providing the most up-to-date treatments and innovations in health care. The hospital is recognized as a Center for Nursing Excellence and is the only adult-care hospital in the state of Alabama that has earned Magnet Status, a designation awarded by the American Nurses Association. In 2022 UAB completed a Community Health Needs Assessment and found that crucial needs for the community existed in access to healthcare, mental health, cancer, diabetes, and heart disease.

Importantly, Plaintiff's counsel could have easily learned the true facts by a simple phone call to UAB's Office of Counsel, with whom she had been in contact with about another matter as recently as November 2023. Instead of attempting to verify the true facts, though, Plaintiff's counsel simply chose to file an unfounded federal lawsuit and in so doing discredit Birmingham's premier provider of health

---

a Heart"); https://lawandcrime.com/lawsuit/the-heart-was-missing-from-the-chest-cavity-alabama-prison-agency-sued-after-inmate-died-and-severely-decomposed-leaving-family-no-choice-other-than-closed-casket-funeral/ (""The heart was missing from the chest cavity': Alabama prison agency sued after inmate died and 'severely decomposed,' leaving family 'no choice' other than 'closed casket funeral'"); and https://dailycaller.com/2023/12/09/severely-decomposed-family-sues-alabama-prison-inmate-brandon-clay-dotson-died-custody-staff-lost-heart/ ("'Severely Decomposed': Family Sues After Inmate Unexpectedly Died In Alabama Custody, Staff Lost His Heart"). Last visited Dec. 21, 2023.

care to its citizens. How many patients in need of health care may now decide to their detriment not to seek medical care at UAB because of Plaintiff's false allegations that UAB mistreated a body?

## C. The Board is Immune from Suit Under the Eleventh Amendment.

The Eleventh Amendment prohibits federal courts from exercising jurisdiction over a state when sued by private individuals without the state's consent. It is clearly established law that "a state cannot be sued by a citizen of another state, or of a foreign state, on the mere ground that the case is one arising under the constitution or law of the United States." Hans v. Louisiana, 134 U.S. 1,2 (1980).

The Board is body corporate created by the State of Alabama to operate a public university, including a school of medicine and numerous hospitals. See ALA. CODE §§ 16-47-1, 16-47-90, and 16-47-95. It is well-settled that state universities (and associated medical centers), and the boards that govern those universities, are state agencies for purposes of Eleventh Amendment immunity. See, e.g., Page v. Hicks, 773 Fed. App'x 514, 518 (11th Cir. 2019) ("… the Board [of Trustees of the University of Alabama] is an 'arm of the state' itself – and not an individual officer…") cert. denied 140 S.Ct. 517, 205 L.Ed.2d 318 (2019) (quoting Harden v. Adams, 760 F.2d 1158, 1163 (11th Cir. 1985)); Eubank v. Leslie, 210 F. Appx. 837, 839, 844-45 (11th Cir. 2006) ("The University of Alabama Board of Trustees is a state agency….").

Counts VI, VII, IX, X, XI, and XII are due to be dismissed because the Board, as an agency of the state of Alabama, is immune under the Eleventh Amendment to the United States Constitution, and there is no evidence that Congress has validly abrogated or the State of Alabama has waived its immunity in relation to Plaintiff's claims. Quern v. Jordan, 440 U.S. 332, 345 (1979); Free v. Granger, 887 F.2d 1552, 1557 (11th Cir. 1989); ALA. CONST. art. 1, § 14. This court, therefore, lacks jurisdiction over the Board such that this court must dismiss Plaintiff's Complaint. FED. R. CIV. P. 12(b)(1); 56

### D. Any State Law Claims are Also Barred by the Board's Sovereign Immunity.

Counts IX, X, XI, and XII are not federal causes of action. To the extent Plaintiff asserts these as state law claims, the Board is also immune from these claims. See Raj, 714 F.3d 322 at 329 ("[S]overeign immunity barred federal courts from hearing state law claims brought in federal court against state entities."). This Court lacks subject matter jurisdiction over the Plaintiff's claims against the Board because the Alabama Constitution divests this Court of any jurisdiction over agencies of the State of Alabama: "the State of Alabama shall never be made a defendant in any court of law or equity." ALA. CONST. art. I, § 14 (1901) (emphasis added). Section 14 "has been described as a 'nearly impregnable' and 'almost invincible' 'wall' that provides the State an unwaivable, absolute immunity from suit in any court." Ex parte Town of Lowndesboro, 950 So. 2d 1203, 1206 (Ala.

2006) (citations omitted). "'Absolute immunity' means just that – the State and its agencies are not subject to suit under any theory." Ex parte Bd. of Trustees of University of Alabama, 264 So. 3d 850, 853 (Ala. 2018). Section 14's absolute immunity from suit in court applies to the Board. See, e.g., Vandenberg v. Aramark Educ. Servs., Inc., 81 So. 3d 326, 332 (Ala. 2011). "Our cases have made it abundantly clear that the Board is entitled to § 14 immunity." Ex parte Bd., 264 So. 3d at 854 (citations omitted). This court, therefore, lacks jurisdiction over the Board such that this court must dismiss Plaintiff's Complaint. ALA. CONST., art. I, § 14; FED. R. CIV. P. 12(b)(1); 56.

## CONCLUSION

The UAB Defendants are entitled to judgment as a matter of law. The undisputed evidence shows the UAB Defendants had no involvement with or possession of Brandon Clay Dotson's body or organs.

WHEREFORE, PREMISES CONSIDERED, the UAB Defendants respectfully request:

A. Plaintiff's Complaint be dismissed with prejudice; and

B. Defendant's counsel be awarded reasonable attorneys' fees and costs.

/s/ Spencer A. Kinderman
Spencer A. Kinderman (ASB-3831-D59S)
skinderman@uasystem.edu

/s/ David R. Mellon
David R. Mellon (ASB-2493-L73D)
drmellon@uasystem.edu

Attorneys for University of Alabama System, University of Alabama Health Services Foundation, P.C., University of Alabama at Birmingham Heersink School of Medicine, and University of Alabama at Birmingham Health System

**OF COUNSEL:**
**THE UNIVERSITY OF ALABAMA SYSTEM**
**UAB OFFICE OF COUNSEL**
1720 2nd Avenue South, Suite AB 820
Birmingham, AL 35294-0108
(205) 934-3929

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 22nd day of December, 2023, a true and correct copy of the above and foregoing was electronically filed with the Clerk of the Court via the Court's CM/ECF filing system and thereby distributed to all counsel of record via electronic mail.

/s/ David R. Mellon
Of Counsel