# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| AUDREY MARIE DOTSON, et al., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO.: 2:23-CV-01657-MHH |
| | ) |
| | ) |
| et al., | ) |
| | ) |
| Defendants. | ) |

### MOTION TO QUASH BY DEFENDANTS
### ADFS AND DELLA MANNA

Defendants Alabama Department of Forensic Sciences (ADFS) and Angelo Della Manna (collectively Defendants), and non-party Movants Holli Baker and Carl Mauterer, move to quash Plaintiff's subpoenas for testimony from the following individuals at the January 5, 2024 hearing: Holli Baker and Carl Mauterer. For the reasons that follow, testimony from these individuals is unnecessary to the resolution of the claims at issue in the Temporary Restraining Order hearing.

### Relevant Facts

On December 7, 2023, Plaintiffs filed a Complaint and Motion for Temporary Restraining Order and Preliminary Injunction against the named Defendants, raising various Constitutional, Federal, and state law claims, and seeking declaratory and injunctive relief. Doc. 1. The Court held a telephone conference call with all parties

1

the same day. On December 15, Plaintiffs filed a motion for a hearing on their request for a Temporary Restraining Order. Doc 11. This Court set the hearing for January 5, 2024 at 11:00 am. Doc. 14.

At 12:11 am, Friday, December 29, 2023, Plaintiffs filed a motion for expedited discovery seeking extensive discovery, to include documents that fall under the law enforcement investigatory privilege. Doc 17. Approximately thirty minutes following the filing of the motion for extensive discovery, Plaintiffs sent subpoenas to named defendant ADFS Director, Angelo Della Manna and ADFS Deputy Directors, Carl Mauterer and Holli Baker for appearance and testimony at the January 5 evidentiary hearing on the requested Temporary Restraining Order. See Exhibit 1 (Plaintiffs' Subpoenas).

## Legal Standard

Fed. R. Civ. P. 45(c)(1) permits issuance of a subpoena to command persons to attend hearings, trials, and depositions "within 100 miles of where the person resides, is employed, or regularly transacts business" or "within the state where the person resides, is employed, or regularly transacts business in person, where that person (i) is a party or a party's officer; or (ii) is commanded to attend a trial and would not incur substantial expense." A court must quash or modify a subpoena where the subpoena "requires a person to comply beyond the geographical limits

specified in Rule 45(c)" or where compliance with the subpoena "subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A)(ii) & (iv).

## Argument

Plaintiffs' subpoenas for testimony from Deputy Directors Holli Baker and Carl Mauterer are due to be quashed because they seek duplicative testimony and would pose undue burdens on Mrs. Baker and Mr. Mauterer.

As an initial point of clarification, the Defendants *do not* move here to quash the subpoena for testimony from Defendant, ADFS Director Angelo Della Manna. Of the individuals subpoenaed, testimony from this individual will amply address the issues Plaintiffs seek to address at the Temporary Restraining Order stage of this litigation. Because the testimony from the other subpoenaed witnesses will only duplicate the testimony provided by Director Della Manna, forcing these individuals to testify at the Temporary Restraining Order hearing will constitute an undue burden under Fed. R. Civ. P. 45(d)(3)(A)(iv).

### Holli Baker

The subpoena for testimony from ADFS Deputy Director for Administrative Services, Holli Baker should be quashed for two reasons: first, because the subpoena would take Deputy Director Baker more than 100 miles away from where she lives and works, and so it should be quashed under Rule 45(d)(3)(A)(ii); and second, because the testimony from her would be redundant or inadmissible, so that

3

requiring these her to come testify would subject her to an undue burden under Rule 45(d)(3)(A)(iv).

First, Deputy Director Baker is not a party to this suit, and she lives and works in Auburn, Alabama, more than 110 miles from Birmingham, Alabama, where the Temporary Restraining Order hearing will be held. The 100-mile limit on subpoenas set out in Fed. R. Civ. P. 45(c)(1)(A) should therefore apply.

Second, even if this Court disagrees that the geographical limits of Rule 45(c) apply to Deputy Director Baker, requiring her to travel to Birmingham to testify would still constitute an undue burden under Fed. R. Civ. P. 45(d)(3)(A)(iv). To the extent that Plaintiffs seek Deputy Director Baker's testimony relative to the policies and procedures of ADFS, Director Della Manna can offer the best testimony concerning these topics. Additionally, she does not possess firsthand knowledge concerning the issues that Plaintiffs present as their basis for granting the Temporary Restraining Order.  Consequently, having Mrs. Baker appear at the hearing merely to provide duplicative testimony is exactly the type of "undue burden" Rule 45(d) contemplates in providing for the quashing of a subpoena under such circumstances. *See generally* Fed. R. Civ. P. 45(d)(3)(A)(iv).

## Carl Mauterer

The subpoena for testimony from ADFS Deputy Director for Technical Services, Carl Mauterer should be quashed because the testimony from him would

be redundant or inadmissible, so that requiring these him to come testify would subject him to an undue burden under Rule 45(d)(3)(A)(iv).

Deputy Director Mauterer is not a party to this suit, and requiring him to testify would constitute an undue burden under Fed. R. Civ. P. 45(d)(3)(A)(iv). To the extent that Plaintiffs seek Deputy Director Mauterer's testimony relative to the policies and procedures of ADFS, Director Della Manna can offer the best testimony concerning these topics. Additionally, Deputy Director Mauterer does not possess firsthand knowledge concerning the issues that Plaintiffs present as their basis for granting the Temporary Restraining Order. Consequently, having Mr. Mauterer appear at the hearing merely to provide duplicative testimony is exactly the type of "undue burden" Rule 45(d) contemplates in providing for the quashing of a subpoena under such circumstances. *See generally* Fed. R. Civ. P. 45(d)(3)(A)(iv).

Therefore, the subpoenas for their testimony are due to be quashed.

## Conclusion

For the foregoing reasons, Plaintiff's subpoena for the testimony of ADFS Deputy Directors Holli Baker and Carl Mauterer should be quashed.

                                                          Respectfully submitted,

                                                          /s Marc S. Bass
                                                          Marc S. Bass
                                                           Deputy Attorney General

       ALABAMA DEPT. OF FORENSIC SCIENCES
       1051 Wire Road
       Auburn, Alabama 36832
       Telephone: (334) 821-6254
       Fax: (334) 887-7531
       marc.bass@adfs.alabama.gov

       ***Counsel for Defendants Alabama Department of Forensic Sciences and Angelo Della Manna***

6

## CERTIFICATE OF SERVICE

I hereby certify that I have on January 3, 2024, filed the foregoing with the Clerk of the Court, using the CM/ECF filing system which will send notification of the same to all attorneys of records.

/s/ *Marc S. Bass*
Marc S. Bass
*Deputy Attorney General*