

FILED
2024 Jan-08  AM 11:16
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| **AUDREY MARIE DOTSON,** | **)** |
| **In her personal capacity and in her** | **)** |
| **Capacity as the personal** | **)** |
| **Representative of the Estate of** | **)** |
| **Brandon Clay Dotson and** | **)** |
| **AUDREY SOUTH, in her personal** | **)** |
| **Capacity and in her capacity as** | **)** |
| **The personal representative of the** | **) Case No.: 2:23-cv-01657-MHH** |
| **Estate of Brandon Clay Dotson** | **)** |
| **(AIS#: 209140),** | **)** |
| | **)** |
| **Plaintiffs,** | **)** |
| | **)** |
| **v.** | **)** |
| | **)** |
| **ALABAMA DEPARTMENT** | **)** |
| **OF CORRECTIONS, et al.,** | **)** |
| | **)** |
| **Defendants.** | **)** |

## ANSWER OF YESCARE CORP.

COMES NOW the Defendant, Yescare Corp., and in response to the Plaintiffs' Complaint filed on December 7, 2023 [Doc. #1], states as follows:

1.    In response to paragraph 1 of the plaintiffs' complaint, this defendant does not dispute that the court has jurisdiction over this matter.

2.    In response to paragraph 2 of the plaintiff's complaint, this defendant does not dispute that venue is proper.

3.      In response to paragraph 3 of the plaintiffs' complaint, this defendant does not dispute that this court has supplemental jurisdiction over the pendent state law claims.

4.      In response to paragraph 4 of the plaintiffs' complaint, this defendant does not have sufficient information to admit or deny the information set forth in paragraph 4 of the plaintiffs' complaint, therefore, denied.

5.      In response to paragraph 5 of the plaintiffs' complaint, this defendant does not have sufficient information to admit or deny the information set forth in paragraph 5 of the plaintiffs' complaint, therefore, denied.

6.      In response to paragraph 6 of the plaintiffs' complaint, this defendant does not have sufficient information to admit or deny the information set forth in paragraph 6 of the plaintiffs' complaint, therefore, denied.

7.      In response to paragraph 7 of the plaintiffs' complaint, admitted.

8.      In response to paragraph 8 of the plaintiffs' complaint, this defendant does not dispute that John Q. Hamm was and is the Commissioner of the Alabama Department of Corrections. This defendant does not have sufficient information to admit or deny the remaining allegations set forth in paragraph 8, therefore, denied.

9.      In response to paragraph 9 of the plaintiffs' complaint, admitted.

10.      In response to paragraph 10 of the plaintiffs' complaint, admitted.

11.     In response to paragraph 11 of the plaintiffs' complaint, this defendant does not have sufficient information to admit or deny the information set forth in paragraph 11 of the plaintiffs' complaint, therefore, denied.

12.     In response to paragraph 12 of the plaintiffs' complaint, this defendant does not have sufficient information to admit or deny the information set forth in paragraph 12 of the plaintiffs' complaint, therefore, denied.

13.     In response to paragraph 13 of the plaintiffs' complaint, this defendant does not have sufficient information to admit or deny the information set forth in paragraph 13 of the plaintiffs' complaint, therefore, denied.

14.     In response to paragraph 14 of the plaintiffs' complaint, this defendant admits that Yescare Corp. is currently under contract with the Alabama Department of Corrections to provide healthcare to Alabama state incarcerated inmates.

15.     In response to paragraph 15 of the plaintiffs' complaint, this defendant admits that Yescare Corp. is currently under contract with the Alabama Department of Corrections to provide healthcare to Alabama state incarcerated inmates.

16.     In response to paragraph 16 of the plaintiffs' complaint, this defendant does not have sufficient information to admit or deny the information set forth in paragraph 16 of the plaintiffs' complaint, therefore, denied.

17.     In response to paragraph 17 of the plaintiffs' complaint, this defendant does not have sufficient information to admit or deny the information set forth in paragraph 17 of the plaintiffs' complaint, therefore, denied.

18.     In response to paragraph 18 of the plaintiffs' complaint, this defendant does not have sufficient information to admit or deny the information set forth in paragraph 18 of the plaintiffs' complaint, therefore, denied.

19.     In response to paragraph 19 of the plaintiffs' complaint, this defendant does not have sufficient information to admit or deny the information set forth in paragraph 19 of the plaintiffs' complaint, therefore, denied.

20.     In response to paragraph 20 of the plaintiffs' complaint, this defendant does not have sufficient information to admit or deny the information set forth in paragraph 20 of the plaintiffs' complaint, therefore, denied.

21.     In response to paragraph 21 of the plaintiffs' complaint, this defendant does not have sufficient information to admit or deny the information set forth in paragraph 21 of the plaintiffs' complaint, therefore, denied.

22.     In response to paragraph 22 of the plaintiffs' complaint, this defendant does not have sufficient information to admit or deny the information set forth in paragraph 22 of the plaintiffs' complaint, therefore, denied.

23.     In response to paragraph 23 of the plaintiffs' complaint, this defendant does not have sufficient information to admit or deny the information set forth in paragraph 23 of the plaintiffs' complaint, therefore, denied.

24.     In response to paragraph 24 of the plaintiffs' complaint, this defendant does not have sufficient information to admit or deny the information set forth in paragraph 24 of the plaintiffs' complaint, therefore, denied.

25.     In response to paragraph 25 of the plaintiffs' complaint, this defendant does not have sufficient information to admit or deny the information set forth in paragraph 25 of the plaintiffs' complaint, therefore, denied.

26.     In response to paragraph 26 of the plaintiffs' complaint, this defendant does not have sufficient information to admit or deny the information set forth in paragraph 26 of the plaintiffs' complaint, therefore, denied.

27.     In response to paragraph 27 of the plaintiffs' complaint, this defendant does not have sufficient information to admit or deny the information set forth in paragraph 27 of the plaintiffs' complaint, therefore, denied.

28.     In response to paragraph 28 of the plaintiffs' complaint, this defendant does not have sufficient information to admit or deny the information set forth in paragraph 28 of the plaintiffs' complaint, therefore, denied.

29.     In response to paragraph 29 of the plaintiffs' complaint, denied.

30.     In response to paragraph 30 of the plaintiffs' complaint, denied.

31.     In response to paragraph 31 of the plaintiffs' complaint, this defendant does not have sufficient information to admit or deny the information set forth in paragraph 31 of the plaintiffs' complaint, therefore, denied.

32.     In response to paragraph 32 of the plaintiffs' complaint, denied.

33.     In response to paragraph 33 of the plaintiffs' complaint, this defendant does not have sufficient information to admit or deny the information set forth in paragraph 33 of the plaintiffs' complaint, therefore, denied.

34.     In response to paragraph 34 of the plaintiffs' complaint, this defendant does not have sufficient information to admit or deny the information set forth in paragraph 34 of the plaintiffs' complaint, therefore, denied.

35.     In response to paragraph 35 of the plaintiffs' complaint, this defendant does not have sufficient information to admit or deny the information set forth in paragraph 35 of the plaintiffs' complaint, therefore, denied.

36.     In response to paragraph 36 of the plaintiffs' complaint, this defendant does not have sufficient information to admit or deny the information set forth in paragraph 36 of the plaintiffs' complaint, therefore, denied.

37.     In response to paragraph 37 of the plaintiffs' complaint, this defendant does not have sufficient information to admit or deny the information set forth in paragraph 37 of the plaintiffs' complaint, therefore, denied.

38.     In response to paragraph 38 of the plaintiffs' complaint, this defendant does not have sufficient information to admit or deny the information set forth in paragraph 38 of the plaintiffs' complaint, therefore, denied.

39.     In response to paragraph 39 of the plaintiffs' complaint, this defendant does not have sufficient information to admit or deny the information set forth in paragraph 39 of the plaintiffs' complaint, therefore, denied.

40.     In response to paragraph 40 of the plaintiffs' complaint, this defendant does not have sufficient information to admit or deny the information set forth in paragraph 40 of the plaintiffs' complaint, therefore, denied.

41.     In response to paragraph 41 of the plaintiffs' complaint, this defendant does not have sufficient information to admit or deny the information set forth in paragraph 41 of the plaintiffs' complaint, therefore, denied.

42.     In response to paragraph 42 of the plaintiffs' complaint, this defendant does not have sufficient information to admit or deny the information set forth in paragraph 42 of the plaintiffs' complaint, therefore, denied.

43.     In response to paragraph 43 of the plaintiffs' complaint, this defendant does not have sufficient information to admit or deny the information set forth in paragraph 43 of the plaintiffs' complaint, therefore, denied.

44.     In response to paragraph 44 of the plaintiffs' complaint, this defendant does not have sufficient information to admit or deny the information set forth in paragraph 44 of the plaintiffs' complaint, therefore, denied.

45.     In response to paragraph 45 of the plaintiffs' complaint, this defendant does not have sufficient information to admit or deny the information set forth in paragraph 45 of the plaintiffs' complaint, therefore, denied.

46.     In response to paragraph 46 of the plaintiffs' complaint, this defendant does not have sufficient information to admit or deny the information set forth in paragraph 46 of the plaintiffs' complaint, therefore, denied.

47.     In response to paragraph 47 of the plaintiffs' complaint, this defendant does not have sufficient information to admit or deny the information set forth in paragraph 47 of the plaintiffs' complaint, therefore, denied.

48.     In response to paragraph 48 of the plaintiffs' complaint, this defendant does not have sufficient information to admit or deny the information set forth in paragraph 48 of the plaintiffs' complaint, therefore, denied.

49.     In response to paragraph 49 of the plaintiffs' complaint, this defendant does not have sufficient information to admit or deny the information set forth in paragraph 49 of the plaintiffs' complaint, therefore, denied.

50.     In response to paragraph 50 of the plaintiffs' complaint, this defendant does not have sufficient information to admit or deny the information set forth in paragraph 50 of the plaintiffs' complaint, therefore, denied.

51.     In response to paragraph 51 of the plaintiffs' complaint, this defendant does not have sufficient information to admit or deny the information set forth in paragraph 51 of the plaintiffs' complaint, therefore, denied.

52.     In response to paragraph 52 of the plaintiffs' complaint, this defendant does not have sufficient information to admit or deny the information set forth in paragraph 52 of the plaintiffs' complaint, therefore, denied.

53.     In response to paragraph 53 of the plaintiffs' complaint, this defendant does not have sufficient information to admit or deny the information set forth in paragraph 53 of the plaintiffs' complaint, therefore, denied.

54.     In response to paragraph 54 of the plaintiffs' complaint, this defendant does not have sufficient information to admit or deny the information set forth in paragraph 54 of the plaintiffs' complaint, therefore, denied.

55.     In response to paragraph 55 of the plaintiffs' complaint, this defendant does not have sufficient information to admit or deny the information set forth in paragraph 55 of the plaintiffs' complaint, therefore, denied.

56.     In response to paragraph 56 of the plaintiffs' complaint, this defendant does not have sufficient information to admit or deny the information set forth in paragraph 56 of the plaintiffs' complaint, therefore, denied.

57.     In response to paragraph 57 of the plaintiffs' complaint, this defendant does not have sufficient information to admit or deny the information set forth in paragraph 57 of the plaintiffs' complaint, therefore, denied.

58.     In response to paragraph 58 of the plaintiffs' complaint, this defendant does not have sufficient information to admit or deny the information set forth in paragraph 58 of the plaintiffs' complaint, therefore, denied.

59.     In response to paragraph 59 of the plaintiffs' complaint, this defendant does not have sufficient information to admit or deny the information set forth in paragraph 59 of the plaintiffs' complaint, therefore, denied.

60.     In response to paragraph 60 of the plaintiffs' complaint, this defendant does not have sufficient information to admit or deny the information set forth in paragraph 60 of the plaintiffs' complaint, therefore, denied.

61.     In response to paragraph 61 of the plaintiffs' complaint, this defendant does not have sufficient information to admit or deny the information set forth in paragraph 61 of the plaintiffs' complaint, therefore, denied.

62.     In response to paragraph 62 of the plaintiffs' complaint, this defendant does not have sufficient information to admit or deny the information set forth in paragraph 62 of the plaintiffs' complaint, therefore, denied.

63.     In response to paragraph 63 of the plaintiffs' complaint, this defendant does not have sufficient information to admit or deny the information set forth in paragraph 63 of the plaintiffs' complaint, therefore, denied.

64.     In response to paragraph 64 of the plaintiffs' complaint, this defendant does not have sufficient information to admit or deny the information set forth in paragraph 64 of the plaintiffs' complaint, therefore, denied.

65.     In response to paragraph 65 of the plaintiffs' complaint, this defendant does not have sufficient information to admit or deny the information set forth in paragraph 65 of the plaintiffs' complaint, therefore, denied.

66.     In response to paragraph 66 of the plaintiffs' complaint, this defendant does not have sufficient information to admit or deny the information set forth in paragraph 66 of the plaintiffs' complaint, therefore, denied.

67.     In response to paragraph 67 of the plaintiffs' complaint, this defendant does not have sufficient information to admit or deny the information set forth in paragraph 67 of the plaintiffs' complaint, therefore, denied.

68.     In response to paragraph 68 of the plaintiffs' complaint, this defendant does not have sufficient information to admit or deny the information set forth in paragraph 68 of the plaintiffs' complaint, therefore, denied.

69.     In response to paragraph 69 of the plaintiffs' complaint, this defendant does not have sufficient information to admit or deny the information set forth in paragraph 69 of the plaintiffs' complaint, therefore, denied.

70.     In response to paragraph 70 of the plaintiffs' complaint, this defendant does not have sufficient information to admit or deny the information set forth in paragraph 70 of the plaintiffs' complaint, therefore, denied.

71.     In response to paragraph 71 of the plaintiffs' complaint, this defendant does not have sufficient information to admit or deny the information set forth in paragraph 71 of the plaintiffs' complaint, therefore, denied.

72.     In response to paragraph 72 of the plaintiffs' complaint, this defendant does not have sufficient information to admit or deny the information set forth in paragraph 72 of the plaintiffs' complaint, therefore, denied.

73.     In response to paragraph 73 of the plaintiffs' complaint, denied.

74.     In response to paragraph 74 of the plaintiffs' complaint, this defendant adopts and incorporates its responses to paragraphs 1 through 73 as if fully set forth herein.

75.     In response to paragraph 75 of the plaintiffs' complaint, the allegations set forth in paragraph 75 do not pertain to this defendant and therefore, a response is not due.

76.     In response to paragraph 76 of the plaintiffs' complaint, the allegations set forth in paragraph 76 do not pertain to this defendant and therefore, a response is not due.

77.     In response to paragraph 77 of the plaintiffs' complaint, the allegations set forth in paragraph 77 do not pertain to this defendant and therefore, a response is not due.

78.     In response to paragraph 78 of the plaintiffs' complaint, the allegations set forth in paragraph 78 do not pertain to this defendant and therefore, a response is not due.

79.     In response to paragraph 79 of the plaintiffs' complaint, the allegations set forth in paragraph 79 do not pertain to this defendant and therefore, a response is not due.

80.     In response to paragraph 80 of the plaintiffs' complaint, the allegations set forth in paragraph 80 do not pertain to this defendant and therefore, a response is not due.

81.     In response to paragraph 81 of the plaintiffs' complaint, the allegations set forth in paragraph 81 do not pertain to this defendant and therefore, a response is not due.

82.     In response to paragraph 82 of the plaintiffs' complaint, this defendant adopts and incorporates its responses to paragraphs 1 through 81 as if fully set forth herein.

83.     In response to paragraph 83 of the plaintiffs' complaint, denied.

84.     In response to paragraph 84 of the plaintiffs' complaint, denied.

85.     In response to paragraph 85 of the plaintiffs' complaint, denied.

86.     In response to paragraph 86 of the plaintiffs' complaint, denied.

87.     In response to paragraph 87 of the plaintiffs' complaint, denied.

88.     In response to paragraph 88 of the plaintiffs' complaint, this defendant adopts and incorporates its responses to paragraphs 1 through 87 as if fully set forth herein.

89.     In response to paragraph 89 of the plaintiffs' complaint, denied.

90.     In response to paragraph 90 of the plaintiffs' complaint, denied.

91.     In response to paragraph 91 of the plaintiffs' complaint, this defendant adopts and incorporates its responses to paragraphs 1 through 90 as if fully set forth herein.

92.     In response to paragraph 92 of the plaintiffs' complaint, denied.

93.     In response to paragraph 93 of the plaintiffs' complaint, this defendant adopts and incorporates its responses to paragraphs 1 through 92 as if fully set forth herein.

94.     In response to paragraph 94 of the plaintiffs' complaint, denied.

95.     In response to paragraph 95 of the plaintiffs' complaint, denied.

96.     In response to paragraph 96 of the plaintiffs' complaint, denied.

97.     In response to paragraph 97 of the plaintiffs' complaint, denied.

98.     In response to paragraph 98 of the plaintiffs' complaint, denied.

99.     In response to paragraph 99 of the plaintiffs' complaint, denied.

100.    In response to paragraph 100 of the plaintiffs' complaint, denied.

101.    In response to paragraph 101 of the plaintiffs' complaint, this defendant adopts and incorporates its responses to paragraphs 1 through 100 as if fully set forth herein.

102.    In response to paragraph 102 of the plaintiffs' complaint, denied.

103.    In response to paragraph 103 of the plaintiffs' complaint, this defendant adopts and incorporates its responses to paragraphs 1 through 102 as if fully set forth herein.

104.    In response to paragraph 104 of the plaintiffs' complaint, this defendant does not have sufficient information to admit or deny the information set forth in paragraph 104 of the plaintiffs' complaint, therefore, denied.

105.   In response to paragraph 105 of the plaintiffs' complaint, this defendant does not have sufficient information to admit or deny the information set forth in paragraph 105 of the plaintiffs' complaint, therefore, denied.

106.   In response to paragraph 106 of the plaintiffs' complaint, denied.

107.   In response to paragraph 107 of the plaintiffs' complaint, denied.

108.   In response to paragraph 108 of the plaintiffs' complaint, this defendant does not have sufficient information to admit or deny the information set forth in paragraph 108 of the plaintiffs' complaint, therefore, denied.

109.   In response to paragraph 109 of the plaintiffs' complaint, this defendant does not have sufficient information to admit or deny the information set forth in paragraph 109 of the plaintiffs' complaint, therefore, denied.

110.   In response to paragraph 110 of the plaintiffs' complaint, this defendant adopts and incorporates its responses to paragraphs 1 through 109 as if fully set forth herein.

111.   In response to paragraph 111 of the plaintiffs' complaint, denied.

112.   In response to paragraph 112 of the plaintiffs' complaint, denied.

113.   In response to paragraph 113 of the plaintiffs' complaint, this defendant does not have sufficient information to admit or deny the information set forth in paragraph 113 of the plaintiffs' complaint, therefore, denied.

114.   In response to paragraph 114 of the plaintiffs' complaint, denied.

115.   In response to paragraph 115 of the plaintiffs' complaint, denied.

116.   In response to paragraph 116 of the plaintiffs' complaint, denied.

117.   In response to paragraph 117 of the plaintiffs' complaint, this defendant adopts and incorporates its responses to paragraphs 1 through 116 as if fully set forth herein.

118.   In response to paragraph 118 of the plaintiffs' complaint, denied.

119.   In response to paragraph 119 of the plaintiffs' complaint, denied.

120.   In response to paragraph 120 of the plaintiffs' complaint, denied.

121.   In response to paragraph 121 of the plaintiffs' complaint, denied.

122.   In response to paragraph 122 of the plaintiffs' complaint, denied.

123.   In response to paragraph 123 of the plaintiffs' complaint, denied.

124.   In response to paragraph 124 of the plaintiffs' complaint, denied.

125.   In response to paragraph 125 of the plaintiffs' complaint, denied.

126.   In response to paragraph 126 of the plaintiffs' complaint, denied.

127.   In response to paragraph 127 of the plaintiffs' complaint, this defendant adopts and incorporates its responses to paragraphs 1 through 126 as if fully set forth herein.

128.   In response to paragraph 128 of the plaintiffs' complaint, denied.

129.   In response to paragraph 129 of the plaintiffs' complaint, this defendant does not have sufficient information to admit or deny the information set forth in paragraph 129 of the plaintiffs' complaint, therefore, denied.

130.   In response to paragraph 130 of the plaintiffs' complaint, denied.

131.   In response to paragraph 131 of the plaintiffs' complaint, denied.

132.   In response to paragraph 132 of the plaintiffs' complaint, denied.

133.   In response to paragraph 133 of the plaintiffs' complaint, this defendant adopts and incorporates its responses to paragraphs 1 through 132 as if fully set forth herein.

134.   In response to paragraph 134 of the plaintiffs' complaint, denied.

135.   In response to paragraph 135 of the plaintiffs' complaint, denied.

136.   In response to paragraph 136 of the plaintiffs' complaint, this defendant adopts and incorporates its responses to paragraphs 1 through 135 as if fully set forth herein.

137.   In response to paragraph 137 of the plaintiffs' complaint, denied.

138.   In response to paragraph 138 of the plaintiffs' complaint, denied.

139.   In response to paragraph 139 of the plaintiffs' complaint, this defendant does not have sufficient information to admit or deny the information set forth in paragraph 139 of the plaintiffs' complaint, therefore, denied.

140.   In response to paragraph 140 of the plaintiffs' complaint, the claims set forth in paragraph 140 do not pertain to this defendant; therefore, a response is not due.

141.   In response to paragraph 141 of the plaintiffs' complaint, this defendant does not have sufficient information to admit or deny the information set forth in paragraph 141 of the plaintiffs' complaint, therefore, denied.

## AFFIRMATIVE AND OTHER DEFENSES

### 1.

The Plaintiff's Complaint fails to state a claim against this Defendant for which relief can be granted.

### 2.

Plaintiff's claims are barred by the doctrine of latches.

### 3.

Plaintiff lacks standing to bring this action.

### 4.

Plaintiff's claims are barred by the doctrine of unclean hands.

### 5.

Plaintiff's claims are barred by the doctrine of qualified immunity.

6.

Plaintiff's claims are barred by the doctrine of sovereign immunity.

7.

Plaintiff's claims are barred by the doctrine of estoppel.

9.

This Defendant avers that the wrongs and damages alleged by Plaintiff were caused solely by the acts and/or omissions of persons and/or entities for whom or the defendant is not responsible.

10.

Plaintiff's claims are barred because this Defendant did not breach any duty allegedly owed to Plaintiff.

11.

Plaintiff's claims are barred because there is no causal relationship, legal or proximate, between any actions or failures to act by this Defendant and the Plaintiff's alleged injuries and damages.

12.

Plaintiff's claims are barred because of the existence of superseding, intervening causes.

13.

Plaintiff's claims are barred because of the lack of damages suffered due to any of the alleged wrongs asserted against this Defendant.

14.

Plaintiff's claims are barred because the actions asserted are "frivolous, malicious, and fails to state a claim upon which relief can be granted." 42 U.S.C. § 1997e(a)(2005).

15.

Plaintiff's claims are barred because the Plaintiff is seeking to question a medical judgment via 42 U.S.C. § 1983.

16.

Plaintiff's claims are barred because this Defendant did not act with deliberate indifference. *Estelle v. Gamble,* 429 U.S. 97 (1976).

17.

To the extent Plaintiff seeks to recover any attorney fees, this Defendant objects to any and all such requests for fees that are not asserted in the Complaint or otherwise approved by Court Order.

18.

Plaintiff's claims for punitive damages violate this Defendant's United States and Alabama Constitutional protections from, including without limitation, excessive fines, cruel and unusual punishment, denial of due process and denial of equal protection of the law.

19.

This Defendant adopts and asserts all defenses contained in the Alabama Medical Liability Act, § 6-5-481 *et seq.*, and § 6-5-542 *et seq.*

20.

This Defendant asserts that the Plaintiff's Complaint is frivolous and filed in bad faith solely for the purpose of harassment and intimidation, and request this Court, pursuant to 42 U.S.C. § 1988, to award this Defendant reasonable attorney fees and costs incurred in the defense of this case.

21.

As affirmative defenses to this claim, this Defendant asserts the provisions, separately and severally, of The Alabama Medical Liability Act, The Alabama Medical Liability Act of 1987, The Alabama Medical Liability Act of 1996, and all amendments to those Acts, and specifically pleads in defense to this action the applicability of sections 6-5-481, 6-5-482, 6-5-484, 6-5-486, 6-5-487, 6-5-488, 6-5-542, 6-5-543, 6-5-544, 6-5-545, 6-5-546, 6-5-547, 6-5-548, 6-5-549, 6-5-549.1, 6-5-550, 6-5-551 and 6-5-552.

22.

This Defendant incorporates by reference any affirmative defense, pled now or later, by any other Defendants which would be applicable to the claims against this Defendant.

23.

This Defendant reserves the right to raise different, additional defenses as discovery proceeds.

24.

Except to the extent specifically admitted, this defendant denies each and every material allegation of Plaintiff's complaint, demands strict proof thereof, and specifically denies: (1) that this defendant was guilty of any medical negligence,

wantonness, or breach of the applicable standards of care at the times and places set forth in the complaint; (2) that Plaintiff was caused to suffer any injury as the proximate result of any medical negligence, wantonness, or breach of the applicable standard of care on this Defendant's part at the times and places set forth in the complaint; and (3) that plaintiff is entitled to recover any damages against it.

26.

This defendant asserts the provisions, separately and severally, of The Alabama Medical Liability Acts of 1975, 1987, 1996, and 2000, and all amendments to those Acts.

26.

To the extent that the Plaintiff asserts a claim as to any matters that are barred by the applicable statutes of limitation, limitation of action, or statute of repose, this defendant pleads the statute of limitations or repose as an affirmative defense. Specifically, but without waiver of any other applicable limitation of action, this defendant pleads the limitation of action set forth in Code of Alabama §6-5-482 and/or §6-5-410.

27.

To the extent the Plaintiff lacks standing, capacity, or either, to bring this cause of action, this defendant pleads lack of standing and lack of capacity as affirmative defenses.

28.

While this defendant denies that Plaintiff is entitled to any relief against it, this defendant hereby asserts the provisions of § 6-5-543 of the Alabama Code and gives notice that any recovery against it can only be had in accordance with and subject to that provision.

29.

While this defendant denies that Plaintiff is entitled to any relief against it, this defendant hereby asserts the provisions of § 6-5-544 of the Alabama Code and pleads the limitations of this provision as an affirmative defense.

30.

Plaintiff is not entitled to recover punitive damages pursuant to Alabama Code § 6-11-20 through § 6-11-30, and thereby any claim for such damages is barred.

31.

Any award of punitive damages in this case is subject to the limitations on punitive damages established by the Alabama Legislature in Sections 6-11-20 and 6-11-21, including, without limitation:

(a).    the statutory ceiling on punitive damages;

(b).    the statutory abolition of joint and several liability among tortfeasors for punitive damages; and

(c).    the requirement that the Plaintiff prove by clear and convincing evidence that Yescare Corp. consciously or deliberately engaged in oppression, fraud, wantonness, or malice with regard to the Plaintiff.

32.

Plaintiff's claims are subject to the limitations and protections of Section 6-11-27 of the Alabama Code.

33.

This defendant affirmatively pleads all applicable immunities, including but not limited to, qualified, absolute, discretionary function, and state agent immunity to the extent permitted by law.

34.

Plaintiff's claims are barred because there is no causal relationship, legal or proximate, between any actions or failures to act by this defendant and the Plaintiff's alleged injuries and damages.

35.

Plaintiff's claims are barred because the alleged injuries were actually or proximately caused by intervening or superseding causes, independent third parties, or by events over which this defendant had no control.

36.

This defendant avers that the wrongs and damages alleged by Plaintiff were caused solely by the acts or omissions of persons or entities for whom this defendant is not responsible.

37.

To the extent Plaintiff seeks to recover any attorney fees, this defendant objects to any and all such requests for fees that are not asserted in the Complaint or otherwise approved by Court Order.

38.

Plaintiff's Complaint is an improper pleading under the Alabama Medical

Liability Act, Ala. Code § 6-5-551.

39.

Plaintiff's claims are barred by the doctrine of efficient intervening cause.

40.

This defendant acted in good faith at all times relevant to the Complaint.

41.

The Alabama Legislature passed Ala. Code § 6-5-547 as part of the Medical Liability Act of 1987. Section 6-5-547 places a limitation in regard to the amount of any judgment that may be rendered against a health care provider in actions commenced pursuant to § 6-5-391 or § 6-5-410. Section 6-5-547 reads in pertinent part as follows:

> "In any action commenced pursuant to Section 6-5-391 or Section 6-5-410, against a health care provider whether in contact or in tort based on a breach of the standard of care the amount of judgment entered in favor of the plaintiff shall not exceed the sum of $1,000,000…"

The Supreme Court of Alabama declared § 6-5-547 unconstitutional in *Smith v. Schult*e, 671 So. 2d 1334 (Ala. 1995). The Supreme Court of Alabama abrogated its holding in *Schulte* in *Ex Parte Andrew Anthony Apicella*. 2001 WL 306906 (Ala.). In *Apicella*, the Supreme Court addressed whether the statute permitting a trial court to overrule a jury's sentencing recommendation in a capital case violates the right to

28

a jury trial under the State Constitution. *Id*. at *1. In addressing this issue, the Supreme Court also addressed its holding in Schulte that § 6-5-547 violated the right to trial by jury in a wrongful death action based on medical malpractice. In its holding, the Supreme Court stated as follows in regard to its rulings in *Schulte* and *Henderson v. Alabama Power Co.*, 627 So. 2d 878 (Ala. 1993):

> "To the extent they held that § 11 restricted the Legislature from removing from the jury the unbridled right to punish, *Henderson* and *Schulte* were wrongly decided."

*Id*. at *6.

Based on the holding in *Apicella*, this defendant asserts the provisions of § 6-5-547 of the Alabama Code (1975, as amended 1987) and asserts its constitutionality.

42.

This defendant denies that it is guilty of any conduct that warrants the issue of punitive damages being submitted to a jury.

43.

Any award of punitive damages to Plaintiff in this case would be in violation of the constitutional safeguards provided to this defendant under the Constitution of the State of Alabama.

44.

Any award of punitive damages to Plaintiff in this case would be in violation of the constitutional safeguards provided to this defendant under the Constitution of the United States of America.

45.

No punitive damages are warranted or allowable that would exceed comparable maximums established for criminal fines.

46.

Punitive damages cannot be sustained because of the lack of clarity in Alabama's standards for awarding punitive damages.

47.

Any claim for punitive damages, on its face or as applied in this case, is in violation of the Fifth Amendment to the Constitution of the United States; of the right to counsel provided by the Sixth Amendment to the Constitution of the United States; of the right to trial by jury of the Seventh Amendment to the Constitution of the United States; of the proportionality principles contained in the Eighth Amendment to the Constitution of the United States; the due process clause of the Fourteenth Amendment to the Constitution of the United States; and Article 1, §§ 1, 2, 6, 11, 13, 15, 27, and 35 of the Constitution of Alabama of 1901, and is improper

under the common law and public policies of the State of Alabama and under applicable court rules and statutes for the following reasons, jointly and separately:

(a)     There are no standards provided by Alabama law for the imposition of punitive damages, and therefore, Yescare Corp. has not been put on notice and given the opportunity to anticipate punitive liability and/or the potential size of the award and to modify or conform its conduct accordingly;

(b)     The procedures to be followed would permit an award of punitive damages against Yescare Corp. upon the satisfaction of a burden of persuasion (standard of proof) less than that applicable to the imposition of criminal sanctions for equal culpability;

(c)     The procedures to be followed could permit the award of multiple punitive damages for the same act or omission;

(d)     There are no provisions or standards for clear and consistent appellate review of any award of punitive damages against this defendant under present Alabama law;

(e)     The standards of conduct upon which punitive damages are sought against this defendant are vague and ambiguous;

(f)     The procedures used by courts under Alabama law and the guidelines given by the jurors, jointly and severally, are vague and ambiguous;

(g)     The procedures used by courts under Alabama law and guidelines given to jurors, jointly and separately, are vague and ambiguous and, thus, impermissibly allow jurors broad, unlimited, and undefined power to make determinations on

their notions of what the law should be instead of what it is;

(h)     The procedures under which punitive damages are awarded and the instructions used under Alabama law, jointly and separately, are vague and ambiguous and, thus, fail to eliminate the effects of, and to guard against, impermissible juror passion;

(i)     Present Alabama law does not provide for sufficiently objective and specific standards to be used by the jury in its deliberations on whether to award punitive damages and, if so, on the amount to be awarded;

(j)     Present Alabama law does not provide a meaningful opportunity for challenging the rational basis for, and any excessiveness of, any award of punitive damages;

(k)     Present Alabama law does not provide for adequate and independent review by the trial court and the appellate court of the imposition of punitive damages by a jury or of the amount of any punitive damage awarded by a jury;

(l)     Present Alabama procedures fail to provide a constitutionally reasonable limit on the amount of any punitive damage award against Defendant;

(m)     Present Alabama procedures may permit the admission of evidence relative to punitive damages in the same proceeding during which liability is determined;

(n)     Present Alabama procedures permit the imposition of joint and several judgments against multiple co-defendants for different acts and different degrees of wrongdoing or culpability; and

(o)     An award of punitive damages would compensate Plaintiff for elements of damage not otherwise recognized by Alabama law.

48.

Plaintiff's claims for the recovery of punitive damages are in contravention of this defendant's rights under each of the following constitutional provisions:

(a)     Article I, § 8 of the United States Constitution, as an impermissible burden on interstate commerce;

(b)     the Contracts Clause of Article 1, § 10 of the United States Constitution; (c) the Due Process Clause of the Fifth and Fourteenth Amendments to the United States Constitution;

(d)     the Equal Protection under the laws afforded by the Fourteenth Amendment to the United States Constitution;

(e)     the constitutional prohibition against vague and overly-broad laws;

(f)     the prohibition against ex post facto law in Article 1, § 22 of the Alabama Constitution;

(g)     the Contracts Clause of Article 1, § 22 of the Constitution of Alabama; and

(h)     the Due Process Clause of Article 1, §§ 6 and/or 13 of the Constitution of Alabama.

49.

An award of punitive damages in the circumstances of this case would clearly violate this defendant's due process rights as embraced by the Fifth and Fourteenth Amendment to the United States Constitution and by the due process clause of

Article 1, §§ 6 and/or 13 of the Alabama Constitution, jointly and separately, as such award would constitute a deprivation of property without due process of law for the following reasons as separately stated herein.

(a)     There is no rational relationship between the punitive damage awards in Alabama and the alleged wrongfulness of a defendant's conduct and/or the compensatory damages awarded.

(b)     No rational relationship exists between the extent of punitive damages and legitimate interests to be advanced by the State of Alabama.

(c)     An award of punitive damages in this case would be penal in nature and, thus, would violate Yescare Corp.'s constitutional rights under the United States Constitution and/or the Alabama Constitution unless this defendant is granted the procedural safeguards afforded criminal defendants including but not limited to constitutional safeguards against self-incrimination and a heightened standard of proof beyond a reasonable doubt.

(d)     The award of punitive damages on the basis of vicarious liability for the conduct of others violates this defendant's constitutional rights.

50.

The imposition of punitive damages in this case would be in denial of this defendant's right to equal protection of the laws as guaranteed by the Fourteenth Amendment to the United States Constitution and Article 1, §§ 1, 6 and 22 of the Alabama Constitution. Specifically, this defendant is treated differently from criminal defendants that are charged for similar or identical alleged culpability. Alternatively, the absence of adequate and objective standards for guiding in the assessment of punitive damages fails to insure the equality of treatment between and among similarly situated civil defendants.

51.

The assessment of punitive damages in this action would violate the Commerce Clause of Article 1, § 8 of the United States Constitution to the extent that such award punishes acts or omissions that have allegedly occurred solely outside of state boundaries.

52.

This defendant pleads the constitutional limitations set forth in *BMW of North America v. Gore*, 517 U.S. 559, 116 S. Ct. 1589, 134 L. Ed. 2d 809 (1996), *Cooper Industries, Inc. v. Leatherman Tool Group, Inc.*, 532 U.S. 424 (2001), *State Farm Mutual Insurance Automobile Insurance Co. v. Campbell*, 123 S. Ct. 1513 (Apr. 7, 2003), and *Horton Homes, Inc. v. Brooks*, 832 So. 2d 44 (Ala. 2001), since

determination of the amount or proper circumstances for an award of punitive damages without consideration of these limitations would deny this defendant's due process of law in violation of the Fourteenth Amendment to the United States Constitution and in violation of the Alabama Constitution. This defendant adopts by reference whatever defenses, criteria, limitations, and standards are mandated by the decisions of the Supreme Court of the United States and the Supreme Court of Alabama in those cases.

53.

An award of punitive damages in this case, if any, may not exceed $250,000.00. Ala. Code § 6-11-21 (Supp. 1987); *see Oliver v. Towns*, 1999 WL14675, *6 & n.7 (Ala. Jan. 15, 1999) ("[W]e question whether *Henderson* [*v. Alabama Power Co.*], 627 So. 2d 878 (Ala. 1993), remains good law.") (citing *BMW of North America, Inc. v. Gore*, 517 U.S. 559 (1996); *Henderson*, 627 So. 2d at 894 (Maddox, J., concurring in part; dissenting in part); *Henderson*, 627 So. 2d at 903 (Houston, J., dissenting); and *Pacific Mut. Life Ins. Co. v. Haslip*, 499 U.S. 1, 20 n.9 (1991)). In declaring § 6-11-21 unconstitutional in *Henderson*, the Alabama Supreme Court acted beyond the scope of its powers and violated the separation of powers clauses of the United States Constitution and the Alabama Constitution. Accordingly, the Court's action in *Henderson* was without effect, and Alabama Code § 6-11-21 applies in this case.

54.

To the extent that Plaintiff's demand for punitive damages may result in multiple punitive damage awards being assessed for the same act or omission against this defendant, this award contravenes this defendant's right to due process under the due process clause of Article 1, § 13 of the Alabama Constitution. In addition, such awards would infringe upon this defendant's rights against double jeopardy insured by the Fifth Amendment of the United States Constitution and/or Article 1, § 9 of the Alabama Constitution.

55.

The procedures pursuant to which punitive damages are awarded subject civil defendants to punishment for the conduct of others through vicarious liability or through non-apportionment of damages among joint tortfeasors, in violation of the Fifth and Fourteenth Amendments to the United States Constitution and Article I §§ 1 and 6 of the Alabama Constitution.

56.

The procedures pursuant to which punitive damages are awarded expose civil defendants to the risk of undefinable, unlimited liability unrelated to actual loss, if any, caused by their conduct, creating a chilling effect on said this defendant's exercise of the right to a judicial resolution of this dispute.

57.

This defendant adopts the terms of any applicable legislative act or Alabama Supreme Court decision which now or hereafter precludes punitive damages or limits the amount of punitive damages which can be recovered in an action at law in Alabama.

58.

This defendant did not participate in, authorize, ratify, or benefit from the alleged wrongful acts that are asserted in the Complaint.

59.

Should this defendant be held liable to Plaintiff, which liability is specifically denied, this defendant would be entitled to a set-off for the total of all amounts paid to Plaintiff and/or Decedent from all collateral sources.

60.

This defendant adopts and incorporates by reference any defense asserted at any time by any co-defendant added to this case.

## **RESERVATION OF DEFENSES**

This defendant reserves the right to amend its Answer and assert further affirmative defenses as they become evident through discovery or investigation.

Defendant demands a trial by jury.

Respectfully submitted,

/s/ *Philip G. Piggott*
PHILIP G. PIGGOTT (ASB-4379-P67P)
E-mail: ppiggott@rushtonstakely
Rushton, Stakely, Johnston
 & Garrett, P.A.
1901 6th Avenue North, Suite 1000
Birmingham, AL 35203
Telephone: 205-443-2769
Facsimile: 334-262-6277

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on January 8, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF filing system, which will send notification of such filing to all parties of record and I hereby certify that I have mailed by U. S. Postal Service the document to the following non-CM/ECF participants:

Lauren Faraino
FARAINO, LLC
2647 Rocky Ridge Lane
Vestavia Hills, AL 35216

Cameron Wayne Elkins
Hunter Sims
Tara Smelley Hetzel
Office of the Alabama Attorney General
501 Washington Avenue
Montgomery, AL 36104

Marcus S. Bass
Alabama Dept. of Forensic Sciences
P.O. Box 3510
Auburn, AL 36831-3510

David R. Mellon
Spencer Kinderman
University of Alabama System
UAB Office of Counsel
1720 2nd Avenue South
Suite AB 820
Birmingham, AL 35294-0108


/s/ *Philip G. Piggott*                          
OF COUNSEL