# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| AUDREY MARIE DOTSON, *et al.*, ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| v. ) | Case No. 2:23-cv-01657-MHH |
| ) | |
| ALABAMA DEPARTMENT OF ) | |
| CORRECTIONS, *et al.*, ) | |
| ) | |
| **Defendants.** ) | |

## DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT

Defendants Alabama Department of Corrections, John Q. Hamm, Greg Lovelace, Karen Williams, Supervising Officers 1-10, Correctional Officers, Alabama Department of Forensic Sciences, and Angelo Della Manna (collectively "ADOC/ADFS Defendants"), by and through undersigned counsel, file their response to Plaintiff's Motion for Leave to File a First Amended Complaint (doc. 41). ADOC/ADFS Defendants, through undersigned counsel, have indicated to Plaintiffs' counsel that they are unopposed to a Motion for Leave to file an amended complaint to clarify the allegations and provide further factual support. ADOC/ADFS Defendants also respect this Court's briefing order (doc. 10) requiring Defendants confer with Plaintiffs prior to raising factual issues in the Motion to

Dismiss. Upon further review of the potential First Amended Complaint ("FAC") (doc. 41-1), the FAC is a shotgun pleading that requires further amendment.

Plaintiffs' FAC is, in all critical aspects, an impermissible shotgun pleading that fails to give Defendants adequate notice of the allegations and claims asserted against them. Federal Rule of Civil Procedure 8(a)(2) requires a complaint to set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." A complaint that violates the "basic requirements" of this rule constitutes a shotgun pleading. *Est. of Bass v. Regions Bank, Inc.*, 947 F.3d 1352, 1358 (11th Cir. 2020). A shotgun pleading that fails to meet the "short and plain statement" requirement of Rule 8(a)(2) is one in which "it is impossible to comprehend which specific factual allegations the plaintiff intends to support which of his causes of action, or how they do so." *Id.* When a defendant is presented with a shotgun complaint, a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) is an appropriate response. *Paylor v. Hartford Fire Ins. Co.*, 748 F.3d 1117, 1126–27 (11th Cir. 2014).

The Eleventh Circuit has divided shotgun complaints into "four rough types or categories." *Weiland v. Palm Beach Cty. Sheriff's Off.*, 792 F.3d 1313, 1321 (11th Cir. 2015). The first "is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint."

*Id.* at 1321. The second is a complaint "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." *Id.* at 1322. "The third type of shotgun pleading is one that commits the sin of not separating into a different count each cause of action or claim for relief." *Id.* at 1322-23. The fourth type of shotgun complaint "assert[s] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Id.* at 1323.

     Plaintiff's FAC commits the second type of shotgun pleading because the FAC is filled with vague and conclusory allegations. For instance, Count 1 for Deliberate Indifference states that "Defendants . . . were deliberately indifferent to the potential harm to Brandon," and yet the FAC does not identify in Count 1 in what way Defendants were deliberately indifferent. Doc. 41-1 ¶ 120. The count continues that "Defendants' policies, practices, acts, and omissions constituted deliberate indifference" without specifying any policies, practices, or acts. *Id.* ¶ 124. Even worse than Count 1 is the conclusory singular allegation in Count 3. In the conspiracy claim, Plaintiffs allege that "Defendants conspired with each other to cover up the deliberate indifference to health and safety, failure to protect from harm, deliberate indifference to serious medical needs, medical negligence, the conversion of Brandon's heart without the required approval from his next of kin, and the

3

mishandling of Brandon's corpse." *Id.* ¶ 134. There are *zero* facts detailing the conspiracy; the Count solely reads that every Defendant committed a conspiracy and nothing more. Plaintiff's FAC is a shotgun pleading of the second type.

Additionally, Plaintiffs' FAC is a shotgun pleading of the fourth type. The FAC is "replete with allegations that 'the defendants' engaged in certain conduct, making no distinction among the . . . defendants charged, though . . . realities make plain that all of the defendants could not have participated in every act complained of." *Magluta v. Samples*, 256 F. 3d 1282, 1284 (11th Cir. 2001). In fact, every count in the FAC references the collective Defendants (or a subset of Defendants included in a particular claim) rather than identify which Defendant committed which action.

For example, in arguably the most egregious violation of the fourth type, Plaintiffs allege in Count VI that *all* Defendants committed State Law Wrongful Death. Doc. 41-1 ¶ 146. Yet, it would be seemingly impossible for UAB to have anything to do with the death; the allegations, without delving into the veracity, do not contain any facts concerning UAB and the death. In Count III, Plaintiffs allege that all Defendants engaged in a conspiracy, but they fail to provide any details regarding any of the individual Defendants. *Id.* ¶ 134. In Count VIII, Plaintiffs argue that every Defendant "willfully removed an organ." *Id.* ¶ 155. Plaintiffs continue in Count IX that every Defendant failed "to provide notice to next of kin when they retained the organs of Brandon." *Id.* ¶ 160. *See also Id.* ¶ 137 (In Count 4, all

"Defendants recklessly or intentionally withheld life-saving treatment from Brandon); *Id.* ¶ 140 (In Count V, all "Defendants interfered with the right of burial"); *Id.* ¶ 152 (In Count VII, all "Defendants . . . were negligent in their handling of the corpse"); *Id.* ¶ 165 (In Count X, all "Defendants had the audacity to ransack the body and convert its parts"); *Id.* ¶ 170 (In Count XI, all "Defendants kept the body parts for purposes of research, study, and potential sale or profit"); *Id.* ¶ 176 (In Count XII, all "Defendants intentionally or recklessly destroyed or altered key evidence"); *Id.* ¶ 183 (In Count XIII, all "Defendants' conduct was so extreme in degree as to go beyond all possible bounds of decency").

The examples in the above paragraph include all counts brought against every Defendant. They do not include the counts that are brought against a subset of Defendants, but these counts suffer from the same problem by referencing all Defendants included in a particular count. Without knowing what the allegations are against each Defendant, it is not feasible for Defendants to respond to the allegations. Plaintiffs' FAC, in its proposed state, reads that every Defendant committed every wrong. These are precisely the type of allegations that fit into the fourth category shotgun pleading.

There are other problems with the proposed FAC. Plaintiffs sue numerous fictitious parties, despite this practice generally being unallowed in federal court. *See Richardson v. Johnson*, 598 F.3d 734, 738 (11th Cir. 2010). Additionally,

5

Plaintiffs fail to identify whether the State Defendants are being sued in their individual or official capacities, in general and specific to each count. There are several deficiencies that should be corrected upon the filing of an amended complaint. Notwithstanding these deficiencies, Plaintiffs' proposed FAC is a shotgun pleading. Accordingly, this Court should deny the Motion for Leave to File First Amended Complaint.

        Respectfully submitted,

        Steve Marshall
         *Attorney General*

        /s/ Tara S. Hetzel
        Tara S. Hetzel
         *Deputy Attorney General*
        Cameron W. Elkins
        Hunter L. Sims
         *Assistant Attorneys General*

        OFFICE OF ATTORNEY GENERAL
        501 Washington Avenue
        Montgomery, Alabama 36130-0152
        Telephone: (334) 242-7300
        Fax: (334) 353-8400
        Tara.Hetzel@AlabamaAG.gov
        Cameron.Elkins@AlabamaAG.gov
        Hunter.Sims@AlabamaAG.gov

        **Counsel for Defendants Alabama Department of Corrections, John Q. Hamm, Greg Lovelace, Karen Williams, Supervising Officers 1-10, Correctional Officers**

/s/ Marcus S Bass
Marcus S Bass (WITH PERMISSION)
ALABAMA DEPARTMENT OF FORENSIC SCIENCES
P.O. Box 3510
Auburn, AL 36831-3510
334-844-4648 (T)
334-887-0102 (F)
Marc.Bass@ADFS.Alabama.gov

***Counsel for Defendants Alabama Department of Forensic Sciences and Angelo Della Manna***

## CERTIFICATE OF SERVICE

I hereby certify that on March 11, 2024, I electronically filed a copy of the foregoing with the Clerk of the Court via CM/ECF which will send notification to all counsel of record.

/s/ Tara S. Hetzel
Of counsel