IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| AUDREY MARIE DOTSON, ) <br> In her personal capacity and in her ) <br> Capacity as the personal ) <br> Representative of the Estate of ) <br> Brandon Clay Dotson and ) <br> AUDREY SOUTH, in her personal ) <br> Capacity and in her capacity as ) <br> The personal representative of the ) <br> Estate of Brandon Clay Dotson ) <br> (AIS#: 209140), ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> ALABAMA DEPARTMENT ) <br> OF CORRECTIONS, et al., ) <br> ) <br> Defendants. ) | Case No.: 2:23-cv-01657-MHH |

## DEFENDANT YESCARE CORP.'S RESPONSE TO PLAINTIFFS' MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT

Defendant, YesCare Corp., by and through undersigned counsel, files its response to Plaintiffs' Motion for Leave to File a First Amended Complaint [Doc. #41].

On March 19, 2024, this Court granted Plaintiffs' Motion to Strike and Substitute. See Doc. 52. Plaintiff's original proposed Amended Complaint [Doc. 41-1] was replaced with a new proposed Amended Complaint [Doc. 49-1].

1

Plaintiff's proposed Amended Complaint ("PAC") is a shotgun pleading that requires further amendment and therefore the Motion for Leave is due to be denied.

Plaintiff's PAC is, in all critical aspects, an impermissible shotgun pleading that fails to give defendant YesCare Corp. adequate notice of the allegations and claims asserted against it. Federal Rule of Civil Procedure 8(a)(2) requires a complaint to set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." A complaint that violates the "basic requirements" of this rule constitutes a shotgun pleading. *Est. of Bass v. Regions Bank, Inc.*, 947 F. 3d 1352, 1358 (11th Cir. 2020). A shotgun pleading that fails to meet the "short and plain statement" requirement of Rule 8(a)(2) is one in which "it is impossible to comprehend which specific factual allegations the plaintiff intends to support which of his/her causes of action, or how they do so." *Id.* When a defendant is presented with a shotgun complaint, a motion to dismiss under the Federal Rules of Civil Procedure 12(b)(6) is an appropriate response. *Paylor v. Hartfield Fire Ins. Co.,* 748 F. 3d 1117, 1126-27 (11th Cir. 2014).

The Eleventh Circuit has divided shotgun complaints into "four rough types of categories." *Weiland v. Palm Beach Cty. Sheriff's Off.,* 792 F. 3d 1313, 1321 (11th Cir. 2015). The first "is a complaint containing multiple counts where each count adopts the allegations of all proceeding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire

complaint." *Id.* at 1321. The second is a complaint "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action. *Id.* at 1322 (the third type of shotgun pleading is one that commits the sin of not separating into a different count each cause of action or claim for relief." *Id.* at 1322-23. The fourth type of shotgun complaint "assert"(s) multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Id.* at 1323.

Plaintiff's PAC commits the second type of shotgun pleading because the PAC is filled with vague and conclusory allegations. For instance, Count One for deliberate indifference states that "defendants… were deliberately indifferent to the potential harm to Brandon" and yet the PAC does not identify in Count One what way defendants were deliberately indifferent. (Doc. #49-1 ℙ98.) The Count continues that "defendant's policies, practices, acts, and omissions constitute a deliberate indifference" without specifying any policies, practices or acts. *Id*. ℙ102. Even worse that Count One is the singular conclusory allegation in Count Three. In a conspiracy claim, plaintiff's allege that "defendants conspired with each other to cover up the deliberate indifference to health and safety, failure to protect from harm, deliberate indifference to serious medical needs, medical negligence, the conversion of Brandon's heart without the required approval from his next-of-kin, and the

3

mishandling of Brandon's corps." *Id.* ¶ 112. There are zero facts detailing the conspiracy; the count solely reads that every defendant committed a conspiracy and nothing more. Plaintiff's PAC is a shotgun pleading of the second type.

Additionally, plaintiff's PAC is a shotgun pleading of the fourth type. The PAC is "replete with allegations that ("the defendants") engaged in certain conduct, making no distinction among the . . . defendants charged, though . . . realities make plain that all of the defendants could not have participated in every act complained of." *Magluta v. Samples*, 256 F. 3d 1282, 1284 (11th Cir. 2001). In fact, every count in the PAC references the collective defendants (or a subset of defendants included in a particular claim) rather than identify which defendant committed which action.

Without knowing what the allegations are against each defendant, it is not feasible for defendants to respond to the allegations. Plaintiff's PAC, in its proposed state, reads that every defendant committed every wrong. These are precisely the type of allegations that fit into the fourth category of shotgun pleading.

There are other problems with the PAC. Plaintiffs sue numerous fictitious parties, despite this practice generally being unallowed in Federal Court. See *Richardson v. Johnson,* 598 F. 3d 734, 738 (11th Cir. 2010). There are several deficiencies that should be corrected upon the filing of an Amended Complaint. Notwithstanding these deficiencies, plaintiff's PAC is a shotgun pleading.

Accordingly, this Court should deny the motion for leave to file the First Amended Complaint.

                                          Respectfully submitted,

                                          /s/ *Philip G. Piggott*
                                          PHILIP G. PIGGOTT (ASB-4379-P67P)
                                          E-mail: ppiggott@rushtonstakely
                                          Rushton, Stakely, Johnston
                                           &amp; Garrett, P.A.
                                          1901 6th Avenue North, Suite 1000
                                          Birmingham, AL 35203
                                          Telephone: 205-443-2769
                                          Facsimile: 334-262-6277
                                          Attorney for Defendant, YesCare Corp.

## **CERTIFICATE OF SERVICE**

       I hereby certify that on March 25, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF filing system, which will send notification of such filing to all parties of record

Lauren Faraino
FARAINO, LLC
2647 Rocky Ridge Lane
Vestavia Hills, AL 35216

Dustin J Fowler
BUNTIN ETHEREDGE & FOWLER, LLC
185 North Oates Street
P O Box 1193
Dothan, AL 36302

Michael G Strickland
STRICKLAND & KENDALL LLC
P O Box 99
Montgomery, AL 36101

Cameron Wayne Elkins
Hunter Sims
Tara Smelley Hetzel
Office of the Alabama Attorney General
501 Washington Avenue
Montgomery, AL 36104

Marcus S. Bass
Alabama Dept. of Forensic Sciences
P.O. Box 3510
Auburn, AL 36831-3510

David R. Mellon
Spencer Kinderman
University of Alabama System
UAB Office of Counsel
1720 2nd Avenue South
Suite AB 820
Birmingham, AL 35294-0108


     and I hereby certify that I have mailed by U. S. Postal Service the document to the following non-CM/ECF participants: None

                            /s/ *Philip G. Piggott*
                            OF COUNSEL